UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TODD J. VAN HORN and
THORA S. VAN HORN,

                              Plaintiffs,

v.                                          Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C.§ 1331, and/or 28 U.S.C.§ 1337.

3. That the Plaintiff's causes of action under the TCPA are predicated upon the same facts and circumstances that give rise to their Federal cause of action.  As such, this Court has supplemental jurisdiction over the Plaintiffs' TCPA causes of action pursuant 28 U.S.C. §1367.

### III. PARTIES

4. Plaintiff Todd J. Van Horn is a natural person residing in the County of Erie and State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Plaintiff Thora S. Van Horn is a natural person residing in the County of Erie and State of New York and is the mother of Todd J. Van Horn.  Plaintiff Thora S. Van Horn is not obligated, or allegedly obligated to pay the subject debt.

6. Defendant NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. That at all times relevant herein, Plaintiffs were and are "persons" as defined by 47 U.S.C.§153(32).

8. That Defendant, at all times relevant herein, owned, operated and/or controlled "customer premises equipment" as defined by 47 U.S.C. §153(14), that originated, routed, and/or terminated telecommunications.

9. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

10. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by 47 U.S.C. §153(22).

11. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by 47 U.S.C. §153(43).

12. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by TCPA, 47 U.S.C. §153(52), that existed as instrumentalities of interstate and intrastate commerce.

13. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

14. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

15. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

16. That Plaintiff Todd J. Van Horn incurred a debt to National Fuel for utility services. This debt will be referred to as "the subject debt."

17. That upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

18. That upon information and belief, the subject debt was a "debt" as that term is defined by is defined by 15 U.S.C. §1692a(5).

19. That Plaintiff Todd J. Van Horn thereafter defaulted on the subject debt.

20. That upon information and belief, Defendant NCO was employed by National Fuel to attempt to collect the subject debt.

21. That Plaintiff Thora S. Van Horn owned two cellular telephones and both were registered under her name only. Plaintiff Thora S. Van Horn would occasionally lend one of her cellular telephones to Plaintiff Todd J. Van Horn.

22. That beginning in or about March of 2008, Defendant NCO began making telephone calls to Plaintiff Thora S. Van Horn's two cellular telephones on a regular basis, using both artificial and/or prerecorded voice messages and live person telephone calls in an attempt to collect the subject debt. Defendant continued to make such calls to one or both of Plaintiff Thora S. Van Horn's cellular telephones, though not necessarily at the same frequency, through January of 2009.

23. That Plaintiff Todd J. Van Horn had also received calls and voice messages left by Defendant NCO but did not respond to Defendant because it was not his cellular telephone.

24. That Plaintiff Thora S. Van Horn listened to the aforementioned messages left by Defendant NCO on her voice messaging service system. Several of the aforementioned messages disclosed that Plaintiff Todd J. Van Horn owed a debt. Consequently, Plaintiff Thora S. Van Horn confronted Plaintiff Todd J. Van Horn and questioned him extensively about the subject debt.

25. That Plaintiff Todd J. Van Horn felt embarrassed and concerned that Defendant not only disclosed his debt, but had also been calling his mother constantly in an attempt to collect the subject debt.

26. That during the initial telephone calls, Plaintiff Thora S. Van Horn notified Defendant NCO that they were calling the wrong telephone number for Plaintiff Todd J. Van Horn. She also expressly directed Defendant NCO to cease all telephone communications.

27. That on or about mid-August of 2008, Defendant NCO made a telephone call to David S. Van Horn, Plaintiff Todd J. Van Horn's brother. During said telephone conversation, Defendant claimed they need to reach Plaintiff Todd J. Van Horn because of problems related to his payroll. Believing this was an urgent matter, David S. Van Horn provided Defendant with Plaintiff Thora S. Van Horn's contact information and directed Defendant NCO to contact his mother.

28. That at the time of said telephone call, David S. Van Horn was unaware that Defendant NCO had already possessed his mother's contact information.

29. That Defendant immediately called Plaintiff Thora S. Van Horn's cellular telephone and left a message stating that they were attempting to contact Plaintiff Todd J. Van Horn because of problems related to his payroll.

30. That in fact, the main purpose of Defendant's telephone call was unrelated to Plaintiff Todd J. Van Horn's payroll. Defendant deliberately falsified the purpose of their call in order obtain location information for Plaintiff Todd J. Van Horn by deceiving Plaintiff Thora S. Van Horn in the hopes hat she would unwittingly disclose Plaintiff Todd J. Van Horn's location information.

31. That in addition to employing deceptive means to obtain Plaintiff Todd J. Van Horn's location information, Defendant also pursued the aggressive strategy of harassing Plaintiff Thora S. Van Horn.  Not only did Defendant make telephone calls to Plaintiff multiple times per week, they frequently contacted her several times a day, sometimes after 9:00 p.m.  On many occasions Defendant would make telephone calls to Plaintiff on Saturdays and Sundays.  The frequency of Defendant's telephone calls caused disruptions to Plaintiff's personal life and she became extremely frustrated by their relentless collection efforts.

32. That as a result of Defendant's acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

## V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

33. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 32 above.

    A. The conduct of Defendant as described in this complaint violated 15 U.S.C. §1692b(2), 15 U.S.C. §1692b(3), 15 U.S.C. §1692c(a)(3), 15 U.S.C. §1692c(b), 15 U.S.C. §1692d, and 15 U.S.C. §1692d(5), by regularly contacting and disclosing Plaintiff Todd J. Van Horn's debt to his mother, and by repeatedly and continuously causing Plaintiff Thora S. Van Horn's two cellular telephones to ring with the intent to annoy, abuse and harass the Plaintiff.

    B. That Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f, by using false, deceptive, or misleading representation to obtain the location information about Plaintiff Todd J. Van Horn when they misled David S. Van Horn and falsely stated to Plaintiff Thora S. Van Horn that they were attempting to locate Plaintiff Todd J. Van Horn because there were having issues regarding his payroll, when in fact Defendant NCO were calling to collect the subject debt.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

34. Plaintiffs repeat, re-allege and incorporate by reference the preceding and succeeding paragraphs in this Complaint as if each of them was reprinted herein below.

35. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C. §227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C. §227(b)(1)(A)(iii) by initiating telephone calls to Plaintiffs' telephone service using an artificial and/or prerecorded voice to deliver messages without having the consent of either Plaintiff to leave such messages.

36. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and

fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

38. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiffs to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused each of the Plaintiffs, and disturbed their peace and tranquility at home and elsewhere.

39. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused each of the Plaintiffs to sustain damages and experience severe emotional distress.

40. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys fees.

41. Plaintiffs received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling each of the Plaintiffs to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

42. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling each of the Plaintiffs to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3).

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C. §223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

### VII. JURY DEMAND

Please take notice that the Plaintiffs demand trial by jury in this action.

Dated: January 30, 2009

/s/Kenneth R. Hiller, Esq.
Kenneth R. Hiller, Esq.
Amanda R. Jordan, Esq.
Law Offices of Kenneth Hiller
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
           ajordan@kennethhiller.com

**VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF**

Plaintiffs Todd J. Van Horn and Thora S. Van Horn each affirm that the following statements are true and correct under penalties of perjury:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: January 30, 2009


/s/Todd J. VanHorn_
Todd J. Van Horn


/s/Thora S. VanHorn_
Thora S. Van Horn